No. 98-327

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 327N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

TERRI HUMPHREY,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Russell L. Fagg, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark Hilario, Attorney at Law, Billings, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Patricia Jordan,

Assistant Attorney General; Helena, Montana

Dennis Paxinos, Yellowstone County Attorney; Margaret Gallagher,

Deputy Yellowstone County Attorney, Billings, Montana

---

Submitted on Briefs: December 9, 1999

Decided: December 22, 1999

Filed:

---

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

1. ¶ Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

2. ¶ Appellant Terri Humphrey (Humphrey) appeals from the written judgment of the Thirteenth Judicial District Court, Yellowstone County, as being in conflict with the oral pronouncement of sentence. We reverse and remand.

3. ¶ The sole issue on appeal is whether the District Court's oral pronouncement of

sentence, which did not include restitution, controls over the written judgment, which included restitution, and thus constitutes the final judgment.

## Standard of Review

4. ¶ Humphrey's challenge to the District Court's sentencing order involves a question of law. We review questions of law *de novo*. State v. Waters, 1999 MT 229, ¶ 14, 987 P.2d 1142, ¶ 14, 56 St.Rep. 901, ¶ 14.

## Procedural Background

5. ¶ Humphrey was charged in DC 98-229 in Yellowstone County with two counts of felony theft, two counts of misdemeanor theft, and one count of falsification to authorities. She entered pleas of guilty to the offenses as charged. The District Court ordered a presentence investigation report (PSI) and set pronouncement of judgment. The PSI included the victims' impact and loss statements for the crimes alleged to have been committed by Humphrey. The probation officer recommended a term of imprisonment and numerous conditions including restitution in the event Humphrey were eventually paroled.

6. ¶ At the sentencing hearing, the deputy county attorney orally corrected the PSI with regard to the total restitution for all offenses, but did not enumerate restitution for DC 98-229. Counsel for Humphrey suggested that the defense and the State meet to reexamine the restitution to make sure they could agree on a figure. The record does not reflect whether the parties ever agreed on an amount of restitution.

7. ¶ The District Court orally sentenced Humphrey in four different cases, including DC 98-229, to a total of eight years at the Montana Women's Prison. The court stated, "[i]f any of that time is placed on community supervision, then the conditions as set forth in the presentence report would be a part of these conditions." The written judgment and commitment imposed restitution of $6,433.31 for all four criminal cases in the event Humphrey is paroled.

## Discussion

8. ¶ Whether the District Court's oral pronouncement of sentence, which did not include restitution, controls over the written judgment, which included restitution, and thus constitutes the final judgment.

9. ¶ The State concedes that under State v. Lane, 1998 MT 76, 288 Mont. 286, 957

P.2d 9, the oral pronouncement of sentence controls. The State argues that the parties were all in agreement that restitution would be part of the sentence, that the amount of restitution imposed in the written judgment does not correspond to anything stated at the oral sentencing or to the contents of the PSI, that the oral pronouncement is thus ambiguous, and that the matter should therefore be remanded for resentencing.

10. ¶ Having reviewed the record and the transcript of the sentencing, we determine that this is not a case of an ambiguity in the imposition of restitution. In *Waters*, we held that "where . . . a defendant was clearly put on notice of sentencing conditions and given a sufficient opportunity to respond to those conditions and ask for clarification, that defendant should not be heard to complain." *Waters*, ¶ 32. We agree with Humphrey that the District Court, despite some discussion of restitution, did not specifically impose a sentence of restitution in DC 98-229 at the oral pronouncement of sentence. The court's generic statement that "[i]f any of that time is placed on community supervision, then the conditions as set forth in the presentence report would be part of those conditions" was not sufficient to put Humphrey on notice of restitution with a meaningful opportunity to respond or seek clarification. As the State concedes, the amount of restitution imposed in the subsequent written judgment is not apparent from the sentencing transcript or from the PSI.

11. ¶ When there is a discrepancy between the written judgment and the oral pronouncement of sentence, our decision in *Lane* clearly requires that the oral sentence controls. "After review of our statutory sentencing framework and mindful of the constitutional protections afforded criminal defendants, we now hold that the sentence orally pronounced from the bench in the presence of the defendant is the legally effective sentence and valid, final judgment." *Lane*, ¶ 40.

12. ¶ We hold that the District Court did not, at the oral pronouncement of sentence, impose a sentence of restitution, that the oral pronouncement of sentence is the *final* judgment and that Humphrey is not subject to resentencing. Accordingly, this matter is remanded to the District Court for entry of a written judgment consistent with the oral pronouncement of sentence.

/S/ W. WILLIAM LEAPHART

We concur:

No

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER